IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FLORA HOI on behalf of EVA USA, :
                                 :
              Plaintiff,         :
                                 :
         v.                      : Civil Action No. 22-112-GBW
                                 :
CHANG KUO-HUA, et al.,           :
                                 :
              Defendants.        :

**MEMORANDUM**

1.    **Introduction**.  Flora Hoi filed this Sarbanes-Oxley Complaint on behalf of EVA USA on January 27, 2022.  (D.I. 1)  Hoi appears *pro se* and has paid the filing fee.  Before the Court are numerous motions including a motion to intervene and a motion to dismiss or, in the alternative, to transfer filed by EVA Airways Corporation (D.I. 7, 10), as well as several motions filed by Hoi (D.I. 14, 17, 20, 21, 23, 25)

2.    The Complaint asserts venue in this Court pursuant to 28 US.C. § 1391(a).  (D.I. 1 at 2)  The Complaint raises clams under 18 U.S.C. § 1514A and incorporates laws under the State of Delaware including Delaware Code Title VIII, Section 145.  (*Id.* at 1, 8, 11)  The caption of the Complaint is "EVA USA vs. BOARD DIRECTORS" while the body of the Complaint names Hoi as a Plaintiff/ Complainant.  (*Id.* at 1, 11)  It is signed "Flora Hoi, and on behalf EVA, USA."

1

(*Id.* at 29)  The gist of the Complaint is that Hoi, an assistant manager for EVA Airways Corporation at DFW-Airport in Dallas, Texas, was placed on furlough after she filed an internal report that alleged "misconduct of unsavory managerial practice physical abuse intention pattern to cause employees pain suffering serious harm, whom in turn falsely and fraudulently pretenses, representations, or promises, spurious article furlough of COVID-19 pandemic for the purpose of executing such scheme or artifice to retaliate [Hoi's] whistle blowing in the internal report." (*Id.* at 11, 12)  EVA Airways Corporation has filed a motion to intervene (D.I. 7) unopposed by Hoi, and a motion to dismiss or, in the alternative, to transfer (D.I. 10) also unopposed by Hoi, although Hoi's motion to manage pleadings for application enlargement (D.I. 14) could be construed as a response.

     3.   **Motion to Intervene**.  EVA Airways Corporation moves to intervene as a defendant on the grounds that: (1) Hoi is not an officer of EVA and does not have authority to sue on its behalf; (2) EVA does not consent to being a plaintiff in this action and does not desire to maintain an action against its Board; and (3) the underlying basis of Hoi's Complaint is her termination of employment from EVA and, thus, EVA is a crucial party to this matter as a defendant.  (D.I. 7, D.I. 8 at 4)

4.      "A motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).  Rule 24(a) provides as follows:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  To intervene by right, a party must show "(1) a sufficient interest in the litigation; (2) 'a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action'; and (3) that its interest is not adequately represented by the existing parties to the litigation." *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018) (citation omitted) (emphasis added).  "[A]n applicant's interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that 'the existing party cannot devote proper attention to the applicant's interests.'" *Id.* at 60 (citation omitted).

5.      Rule 24(b) allows the Court to permit the intervention of any party who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).  "[D]istrict courts have broader discretion in

3

making a determination about whether permissive intervention is appropriate as opposed to intervention as of right." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014).

6.      The requisites for intervention as of right, as well as permissive intervention have been met by EVA Airways Corporation.  Therefore, the motion to intervene as a defendant will be granted.  (D.I. 7)

7.      **Motion to Transfer**.  EVA Airways Corporation moves to dismiss or, in the alternative, to transfer this matter to the United States District Court for the Northern District of Texas.  (D.I. 10, 11)  The Court turns to the venue issue. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district: (1) if the other district is one in which the action might have been brought or to which all the parties have consented and (2) transfer is for the convenience of the parties and witnesses and in the interests of justice.

8.      It is clear from the record that that this action could have been brought in Texas.  Hoi was employed in Texas and her employment was terminated in Texas.  The Court next turns to whether transfer of this action to Texas is for the convenience of the parties and witnesses and in the interests of justice. To make this determination, the Court must balance several private and public interest factors. *In Re Howmedica Osteonics Corp*, 867 F.3d 390, 401 (3d Cir. 2017).

9.     Private interest factors are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).  Public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. *Id.*

10.     Here, the only private factor that supports venue in this District is that Plaintiff opted to file her complaint here.  EVA prefers to litigate in Texas, the claim arose in Texas, all the parties and witnesses are in Texas, and it appears that all the physical evidence is located in Texas.  Most public factors are neutral but a few also favor transfer particularly the practical considerations that all parties and witnesses are in Texas and the possible local interest in the controversy

11.     On balance, the factors support transfer.  Therefore, the motion to transfer to the Northern District of Texas will be granted.

12.     **Conclusion.**  For the reasons discussed above, the Court will: (1) grant EVA Airways Corporation's motion to intervene (D.I. 7); (2) grant EVA Airways Corporation's motion to transfer (D.I. 10); (3) deny without prejudice to renew upon transfer the motion to dismiss and Plaintiff's pending motions (D.I. 10,

14, 17, 20, 21, 23, 25); and (4) transfer the matter to the United States District

Court for the Northern District of Texas.  A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

October 28, 2022
Wilmington, Delaware